UNITED STATES, Plaintiff–Appellee,

v.

John G. WESTINE, Jr., Defendant–Appellant.

United States, Plaintiff–Appellee,

v.

John G. Westine, Jr., Defendant–Appellant.

Nos. 2008–1175, 2008–1227.

United States Court of Appeals, Federal Circuit.

May 1, 2008.

John G. Westine Jr., pro se.

Jeanne E. Davidson, James W. Poirier, Department of Justice, Washington, DC, for Plaintiff–Appellee.

Before BRYSON, GAJARSA, and MOORE, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The United States moves to dismiss John G. Westine, Jr.'s appeal no. 2008–1175 for lack of jurisdiction. Westine opposes. Westine submits a "request for jurisdiction" in connection with his appeal no.2008–1227. The United States moves to dismiss appeal no. 2008–1227 for lack of jurisdiction.

Westine brought an action in the United States District Court for the Central District of California. The district court treated Westine's submission as a motion for the return of seized property pursuant to Fed.R.Crim.P. 41(g). The district court denied the motion and dismissed the case with prejudice. Westine filed two notices of appeal directed to this court. In addition, Westine filed a notice of appeal directed to the United States Court of Appeals for the Ninth Circuit. On February 15, 2008, the Ninth Circuit determined that Westine's appeal was "so insubstantial as to not warrant further review" and declined to allow the appeal to proceed.

This court's jurisdiction over appeals of district court decisions is limited primarily to cases involving patents and suits against the United States not exceeding $10,000. *See* 28 U.S.C. § 1295(a)(1), (2). The United States argues that the district court proceedings involved a civil equitable proceeding for the return of seized property and that this court lacks jurisdiction over such appeals. We agree that these appeals are not within this court's jurisdiction.

The court may transfer pursuant to 28 U.S.C. § 1631 if an action is filed in the wrong court "if it is in the interest of justice." We determine that transfer is not in the interest of justice because Westine filed an appeal with the Ninth Circuit and that court has already determined not to permit Westine's appeal to proceed. Thus, we dismiss these appeals.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss appeal no. 2008–1175 is granted.

(2) The motion to dismiss appeal no. 2008–1227 is granted.

(3) All pending motions are moot.

(4) Each side shall bear its own costs.